IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES "RANDY" TURNER and KATHRYN L. TURNER, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | No. 3:12-CV-2701-M (BF) |
| JP MORGAN CHASE BANK, N.A. and MCCARTHY, HOLTHUS & ACKERMAN LLP, | § § § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this removed civil action to the United States Magistrate Judge for pretrial management. Plaintiffs Charles "Randy" Turner and Kathryn L. Turner have filed a Motion to Remand the case to state court. For the following reasons, the Court recommends that the Motion to Remand be DENIED.

**Background**

Plaintiffs filed this civil action in Texas state court against Defendants JPMorgan Chase Bank, N.A. ("JPMC") and McCarthy, Holthus & Ackerman, LLP ("MHA"). *See* Def. Not. Rem., Exh A-2 (Plf. Orig. Pet.) at 1. Succinctly stated, Plaintiffs allege that they refinanced the interim construction loan on their home located at 4350 Livingston Avenue in Dallas, Texas (the "Property") with a mortgage from Washington Mutual Bank, FA ("WAMU"). *Id*. at 2, ¶¶ 8-9. Plaintiffs executed and delivered to WAMU a promissory Note in the amount of $1,500,000 and secured payment of the Note by executing a Deed of Trust covering their interest in the Property. *Id.,* ¶ 9. Although the Note required payments of $6,000 per month, Plaintiffs allege that WAMU modified

the Note and reduced the monthly payments to $5,040 per month. *Id.*, ¶ 10. Sometime thereafter, Defendant JPMC acquired WAMU and Plaintiffs' Note. *See id*., ¶ 9. JPMC subsequently refused to accept the reduced payments and initiated foreclosure proceedings against the Property. *Id.*, ¶ 10.

To avoid foreclosure, the parties allegedly agreed that Plaintiffs would sell the Property on a "short sale" basis for $1,521,446 or more. *Id.* at 2-3, ¶¶ 11-12 & Exh A. Plaintiffs received numerous offers to sell the Property, including offers for $1,521,446, $1,525,000, and $2,250,000. *Id.* at 3, ¶¶ 13-15. JPMC refused to accept any of the offers and instead posted the Property for foreclosure. *Id*. Based on this conduct, Plaintiffs filed the instant lawsuit seeking injunctive relief to prevent JPMC from foreclosing on the Property; damages for breach of contract on grounds that JPMC refused to accept reduced loan payments and failed to perform on the alleged short sale agreement; an accounting of their loan payments to JPMC; and specific performance of the alleged short sale agreement. *Id*. at 2, ¶ 7 &  4-5, ¶¶ 18-32.

JPMC timely removed the case to federal court on the basis of diversity jurisdiction. Def. Not. Rem. at 3, ¶ 5. Plaintiffs now seek to remand the case to state court on grounds that (1) Defendant MHA, a law firm located in Texas and the trustee on the loan for the Property, is a citizen of Texas and, thus, complete diversity does not exist, and (2) the amount in controversy is limited to the difference between the short sale offer and the amount owing on their mortgage loan, which Plaintiffs assert is less than $75,000. Defendants dispute Plaintiffs' arguments and contend that removal is proper. The issues have been fully briefed, and the matter is ripe for determination.

**Legal Standards and Analysis**

A federal court's jurisdiction is limited; it may exercise original jurisdiction only when the case "arises under" federal law or is based upon complete diversity of citizenship among the parties and more than $75,000 is in controversy. *See* 28 U.S.C. §§ 1331, 1332; *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A defendant may remove a case from state court to federal district court if the federal court could exercise original jurisdiction over the matter. 28 U.S.C. § 1441. The removing party bears the burden of establishing federal jurisdiction. *Shearer v. Sw. Serv. Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008). In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. 28 U.S.C. §§ 1332(a), (b). If no amount of damages has been alleged in the state court petition, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995).

Here, JPMC contends that removal is proper on diversity grounds because it is a citizen of Ohio, Plaintiffs are citizens of Texas, and the fair market value of the Property at the time of removal was $2,190,030. Def. Not. Rem. at 3-4, ¶¶ 6-11. JPMC denies that MHA is a citizen of Texas, *see* Def. Resp. at 6, n.2, and argues that, even assuming MHA is a Texas citizen, its citizenship should be disregarded for purposes of diversity jurisdiction because it was improperly joined. Def. Not. Rem. at 4-5, ¶¶ 12-13.

A defendant alleging improper joinder has the heavy burden of demonstrating either actual fraud in the pleading of jurisdictional facts or that the plaintiff is unable to establish a cause of action against the non-diverse defendant in state court. *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)); *see also*

3

*Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 576 (5th Cir. 2004) (en banc). Under the second alternative, which provides the relevant inquiry in this case, the standard is whether the defendant has demonstrated that there is no reasonable basis to predict that the plaintiff might be able to recover against the in-state defendant. *See Smallwood*, 385 F.3d at 573. A plaintiff's joinder of nominal, formal, or unnecessary parties cannot defeat diversity jurisdiction and prevent removal. *Pesch v. First City Bank of Dallas*, 637 F.Supp. 1530, 1536 (N.D. Tex. 1986).

Plaintiffs have not asserted any claim or cause of action against MHA. Nor have they alleged any facts which could establish that MHA has any right, title, or interest in the Property or that the law firm could be held liable to Plaintiffs in connection with the foreclosure of the Property or for any breach of contract pertaining to modified loan payments or the alleged short sale agreement. Rather, it appears that Plaintiffs named MHA as a nominal defendant solely in the firm's capacity as Trustee under the Deed of Trust to enjoin JPMC and its agents from foreclosing on the Property. Under these circumstances, the Court concludes that MHA is an improperly joined defendant whose citizenship should be disregarded for diversity purposes. *DTND Sierra Investments LLC v. CitiMortgage, Inc.*, No. SA-12-CV-1178-XR, 2013 WL 123006, at *1 (W.D. Tex. Jan. 8, 2013) (trustee named solely in order to enjoin foreclosure is a nominal party whose presence does not affect diversity jurisdiction); *Branum v. Aurora Bank, FSB*, No. 4:12-CV-447, 2013 WL 26700, at *2 (E.D. Tex. Jan. 2, 2013) (same).

Because this action is one for injunctive relief, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Group v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002). In the context of a mortgage dispute, if a plaintiff seeks injunctive relief to preclude foreclosure of real property, the amount in controversy is the value of

the real property at issue. *See Copeland v. U.S. Bank Nat. Ass'n*, 485 Fed. App'x 8 (5th Cir. 2012) (noting that "the amount in controversy exceeds $75,000 due to the value of the subject property"); *May v. Wells Fargo Home Mort.*, No. 3:12-CV-4597-D, 2013 WL 459871, at *2 (N.D. Tex. Feb. 7, 2013) (amount in controversy in case where injury plaintiff seeks to prevent is foreclosure is value of property). Plaintiffs plainly plead in their original petition that "[t]he purpose of this lawsuit (among other matters) is to prevent a foreclosure sale and/or to seek damages for the unlawful foreclosure." Def. Not. Rem., Exh. A-2 (Plf. Orig. Pet.) at 2, ¶ 7. According to the Dallas County Appraisal District, the Property has a current market value of $2,190,030. Def. Resp., Exh. B-1 at 1. This amount far exceeds the jurisdictional minimum for diversity purposes. Additionally, Plaintiffs seek specific performance of a contract requiring JPMC to accept a short sale offer of "$1,521,466 or higher." Def. Resp., Exh. A at 8. A complaint seeking specific performance of a contract for a dollar amount establishes that amount as the amount-in-controversy for diversity purposes. *Creel v. Richardson*, No. 7:00-CV-224-R, 2001 WL 257844, at *2 (N.D. Tex. Mar. 9, 2001). This amount similarly exceeds the jurisdictional minimum. Federal jurisdiction is thus proper on the basis of diversity of citizenship.

### **Recommendation**

For the foregoing reasons, the Court recommends that Plaintiffs' Motion to Remand (Doc. 11) be DENIED.

SO RECOMMENDED, May 21, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).