IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES "RANDY" TURNER and KATHRYN L. TURNER, | § § § | |
| Plaintiffs, | § § § | |
| v. | § | No. 3:12-cv-2701-M (BF) |
| | § | |
| JPMORGAN CHASE BANK, N.A. and MCCARTHY, HOLTHUS & ACKERMAN, LLP, | § § § § | |
| | § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this removed civil action to the United States Magistrate Judge for pretrial management.  Defendant JPMorgan Chase Bank, N.A. ("Chase") has filed a Motion to Enforce Settlement Agreement and Enter Judgment.  For the following reasons, the District Court should GRANT Defendant's motion in part.

**Background**

This lawsuit arises out of claims made by Charles "Randy" Turner and Kathryn L. Turner ("Plaintiffs") that Chase wrongfully initiated foreclosure proceedings against their Dallas home (the "Property").  On June 5, 2014, the parties announced in writing that they had reached a settlement.  Not. of Settlement (Doc. 98) at 1.  The parties filed a Notice of Settlement, electronically signed by counsel for Plaintiffs and counsel for Chase, which further explained that:

> [T]he settlement terms provide for a sale of the property at issue
> through September 30, 2014, and if the property is not sold by

then, then the parties will submit a Stipulated Judgment of Foreclosure. Under either scenario, the property is sold or the property is not sold, the parties will submit a final judgment and/or dismissal papers by early October 2014.

*Id.* The District Court subsequently set October 6, 2014 as the deadline for the parties to file executed dismissal papers. *See* Letter from Court (Doc. 99). On October 6, Chase filed a status report informing the Court that the Property had not been sold and Plaintiffs' counsel had not provided executed dismissal papers. Chase subsequently filed the instant motion for enforcement of the settlement agreement. Plaintiffs filed a response arguing that Chase lacks standing to foreclose on the Property and negotiated the settlement in bad faith. Plaintiffs further contend that Chase has interfered with their efforts to sell the Property. The issues have been fully briefed by the parties, and the motion is ripe for determination.

**Legal Standards and Analysis**

A federal district court has inherent power to recognize, encourage, and enforce settlement agreements. *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994). State law governs questions regarding the enforceability of settlement agreements in diversity cases, such as this removed civil action arising out of foreclosure proceedings initiated against the Property. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 266 (5th Cir. 1995); *Oliver v. Kroger Co.*, 872 F. Supp. 1545, 1547 (N.D. Tex. 1994). Because Texas law applies to this case, Texas Rule of Civil Procedure 11 controls. *See Cavallini*, 44 F.3d at 266; *Williamson v. Bank of New York Mellon*, 947 F. Supp. 2d 704, 707 (N.D. Tex. 2013) (applying TRCP 11 to questions regarding enforceability of settlement agreement in diversity case arising out of foreclosure proceedings). Under Rule 11, a settlement agreement is enforceable only if it is (1) "in writing,

signed and filed with the papers as part of the record" or (2) "made in open court and entered of record."  TEX. R. CIV. P. 11;[1] *Estate of Martineau v. ARCO Chem. Co.*, 203 F.3d 904, 910 (5th Cir. 2000).  The agreement must contain all the material terms and be "sufficiently definite to enable the court to understand the parties' obligations."  *See Liberto v. D.F. Stauffer Biscuit Co., Inc.*, 441 F.3d 318, 323 (5th Cir. 2006) (citing *Fort Worth Indep. Sch. Dist. v. City of Fort Worth*, 22 S.W.3d 831 (Tex. 2000)).  "Evidence of the parties' intent to enter into a binding agreement is also required." *Id*. (citing *Premier Oil Refining Co. v. Bates*, 367 S.W.2d 904, 907 (Tex. App. 1963)).

Judged against these standards, the Court finds and concludes that the parties' settlement agreement is enforceable.  It is undisputed that the Notice of Settlement is in writing, signed, and filed as part of the record in this case on June 5, 2014.  Not. of Settlement.  The Notice itself, which is electronically signed by counsel for both parties, is evidence of the parties' intent to enter into a binding agreement to settle this litigation.  *Green v. Midland Mortg. Co*., 342 S.W.3d 686, 691 (Tex. App.--Houston [14th Dist.] 2011, no pet.) ("[A]n attorney may execute an enforceable Rule 11 agreement on his client's behalf.").  Additionally, Chase has submitted copies of emails between the parties' counsel which evince an unmistakable agreement to settle.  Def. Mot., Ex. A, B.  *See Padilla*, 907 S.W.2d at 460 (holding that series of letters may satisfy the requirements of Rule 11); *Williamson*, 947 F. Supp. 2d at 708 (similarly holding that a series

---

[1]
  Rule 11 provides, in its entirety:

> Unless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.

TEX. R. CIV. P. 11.

of emails may satisfy Rule 11's requirements).   These emails show that Plaintiffs' counsel expressly approved the Notice of Settlement as "acceptable."   Def. Mot. Ex. A.   Plaintiffs' counsel also indicated his clients' acceptance of more detailed settlement terms, responding "it's a go" to an itemized list of settlement terms approved by Chase.  *Id., Ex. B.*

The detailed settlement terms include Plaintiffs' agreement to execute a written settlement agreement and dismiss this lawsuit with prejudice.  *Id.*, at 4, ¶ 1.  Plaintiffs further agreed to tender to Chase, concurrent with the execution of the settlement agreement, an executed stipulation of judgment of foreclosure effective as of October 1, 2014.  *Id.*, ¶ 2. Plaintiffs agreed to list the Property for sale and had until August 31, 2014 to secure an executed sales contract for the Property with a closing date not later than September 30, 2014.  *Id.*, ¶ 3. Chase had the right to review the closing statement and reject any material term that had an impact on the net sale proceeds to Chase.  *Id.*  If the sale price set forth in the contract was greater than the amount of Chase's payoff, Plaintiffs would sell the Property and retain the surplus.  *Id.,* ¶ 5.  If the sales price was less than the amount of Chase's payoff, Chase could, in its sole discretion, reject the contract.  Chase agreed that, if it accepted the contract, it could not pursue a deficiency against Plaintiffs.  *Id.*  If Plaintiffs were unable to secure an executed sales contract for the Property by August 31, 2014, Chase would request entry of the stipulated judgment of foreclosure and proceed with execution of that judgment.  *Id.*, ¶ 4.  These terms, especially the parties' agreement to submit dismissal papers in early October, are consistent with the terms of the Notice of Settlement filed with the Court.

Plaintiffs fail to offer any argument -- much less evidence -- that the settlement

agreement should not be enforced.2  Plaintiffs' arguments that Chase lacks standing to foreclose because it is not the holder of Plaintiffs' mortgage Note, *see* Pl. Resp. at 3-4, 5, are inapposite and not responsive to Chase's motion.  Moreover, Plaintiffs do not dispute that Chase's evidence accurately describes the terms of their settlement agreement.   Nor do they offer any controverting evidence that the parties' agreement differed in any material respect from the terms set forth by Chase.   To the contrary, Plaintiffs contend that they complied with the settlement terms set forth above and tendered to Chase a contract for the sale of the Property by the end of August 2104.  *See* Pl. Resp. at 6.  Plaintiffs admit, however, that they failed to execute the contract tendered to Chase.  *Id.* ("[O]ur buyer grew tired of my not signing our end of the contract . . ."); *see* Def. Mot., Ex. E.  Given Chase's uncontroverted evidence that the parties entered into an enforceable agreement to settle this litigation and that Plaintiffs breached the terms of the parties' agreement, the District Court should grant Chase's motion and enforce the agreement to dismiss this litigation with prejudice.

Chase also requests a judgment of foreclosure, but Chase never filed a counterclaim for judicial foreclosure in this lawsuit.  The proposed form of Stipulated Judgment of Foreclosure and Dismissal attached to Chase's pleadings does not appear to comply with Tex. R. Civ. P. 309. The proposed Judgment would authorize Chase to "proceed with a foreclosure sale in accordance with the terms of the Deed of Trust."  Def. Mot., Ex. D.  Rule 309 requires an order of sale "issue to any sheriff or any constable."  TEX. R. CIV. P. 309 ("Judgments for the foreclosure of mortgages and other liens shall be that the plaintiff recover his debt, damages and costs, with a foreclosure of the plaintiff's lien on the property subject thereto, and . . . that an

---

2
        Plaintiffs' response appears to consist solely of the unsworn testimony of Charles Turner himself.

order of sale shall issue to any sheriff or any constable within the state of Texas, directing him to seize and sell the same as under execution, in satisfaction of the judgment."). An order authorizing Chase to proceed with a foreclosure sale in accordance with the terms of the Deed of Trust is not in compliance with Texas law. *Brown v. EMC Mortg. Corp.*, 326 S.W.3d 648, 653-54 (Tex. App. -- Dallas 2010, pet. denied); *see also Woodglen Homeowners Assoc. v. Odom*, 2014 WL 6687240, at *2 (Tex. App. -- San Antonio, Nov. 26, 2014) (finding trial court abused its discretion in failing to grant an order of sale as mandated by Rule 309). Accordingly, the District Court should decline to enter a judgment of foreclosure. Chase may proceed with a nonjudicial foreclosure as provided by Texas law.

## RECOMMENDATION

For the foregoing reasons, the Court recommends that the District Court GRANT Defendant's Motion to Enforce Settlement Agreement (Doc. 102) and DISMISS with prejudice all of Plaintiffs' claims and causes of action against JPMorgan Chase Bank, N.A.

SO RECOMMENDED, December 10, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions,

and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).